IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ACCELERATION PRODUCTS, INC. dba ATHLETIC REPUBLIC, a North Dakota corporation,, <br><br> Plaintiff, <br><br>v. <br><br> ARIKOTA, INC., an Arizona corporation; ECLECT, LLC, an Arizona limited liability company; MICHAEL BIRKELAND, an individual; CAROL BIRKELAND, an individual; and KRISTOPHER BIRKELAND, an individual;, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL <br><br> Case No. 2:14-cv-00252-JP <br><br> District Judge Jill Parrish <br><br> Magistrate Judge Brooke Wells |

Pending before the court is Plaintiff Acceleration Products, Inc. dba Athletic Republic, Motion to Compel discovery from Defendant Kristopher Birkeland and to Extend the Scheduling Order.[1] After considering the memoranda of the parties, and relevant case law, the court has determined that oral argument is unnecessary and as set forth below the court GRANTS the motion.[2]

This case concerns the alleged breach of a franchise licensing agreement and the unlawful use of trademarks and copyrighted materials. Plaintiff developed "a unique system to operate performance sports training centers" which provides high level training to athletes.[3] Defendants entered into a licensing agreement with Plaintiff to operate two training centers

---

[1] Docket no. 104.

[2] DUCivR. 7-1(f).

[3] Complaint ¶11, docket no. 4.

located in the Scottsdale and Tempe Arizona areas.  Subsequent to these agreements things turned south and the instant case ensued.

According to Plaintiff, Defendant Kristopher Birkeland (Birkeland) has "failed to submit Initial Disclosures, respond to discovery requests, produce documents or provide dates for a Rule 34 inspection of the athletic facilities at issue in this case, despite the fact that this discovery was served almost a year ago."[4]  This failure "has prevented Plaintiff from uncovering critical information necessary to take meaningful depositions and file appropriate dispositive motions within the Amended Scheduling Order's current deadlines."[5]  Plaintiff moves the court for an order (i) compelling Birkeland to provide Initial Disclosures, answers to Plaintiff's Interrogatories, responses to Plaintiff's Requests for Production of Documents along with responsive documents and dates for a Rule 34 inspection of the athletic facilities and (ii) extending the Amended Scheduling Order's remaining deadlines by four months so Plaintiff can complete any necessary discovery and bring any appropriate dispositive motions.[6]

In opposition, Mr. Birkeland "hereby reminds the court that he was granted Bankruptcy by the United States Bankruptcy Court with a discharge order on April 3, 2015."[7]  Further, Mr. Birkeland says he cannot comply with a Rule 34 inspection because he does not have ownership or control of the equipment nor access to the locations Plaintiffs want to inspect.  In a sur-reply Defendant argues he has been advised by his bankruptcy counsel that Plaintiff is "incorrect in assuming any contractual obligation post discharge and that their continued harassment via phone calls should constitute in sanctions from the court if continued."[8]  Mr. Birkeland does not

---

[4] Mtn. p. 2.

[5] *Id.*

[6] *Id.*

[7] Response p. 1, docket no. 107.

[8] Sur-reply response p. 1, docket no. 109.

cite to any case law to support his assertion nor does he respond to the case law cited to by Plaintiff in its memoranda.  Plaintiff also contests Mr. Birkeland's allegations of harassment stating that Mr. Birkeland has actually initiated phone calls contacting Plaintiff's counsel rather than Plaintiff's counsel harassing Mr. Birkeland into responding to the requested discovery.

Plaintiff agrees with Mr. Birkeland that any money obligations he owed to Plaintiff were discharged in the bankruptcy proceeding.  Plaintiff is not interested in those obligations.  Instead, Plaintiff seeks to enforce the various non-compete obligations Defendant owes pursuant to certain agreements.  These include "the obligation to refrain from operating or otherwise being affiliated with The Rise or any health fitness or other business competitive to Plaintiff located at either 9171 East Bell Road in Scottsdale, Arizona, 8270 S. Kyrene Road, Tempe, AZ, or within 10 miles of an entity licensed to use Plaintiff's trademarks or patent rights."[9]  Plaintiff also seeks to depose Mr. Birkeland arguing that his bankruptcy questioning is not the same as that sought here because the scope of that examination was limited by the bankruptcy code.

The court is persuaded by Plaintiffs arguments and the case law cited to in support of its position.  For example, in *Kennedy v. Medicap Pharmacies, Inc.*[10] the debtors sought to discharge an injunction that issued from a prior breach of a covenant not to compete.  Their request was denied by both the bankruptcy court and the district court.  On appeal the Sixth Circuit affirmed those rulings holding a breach of a covenant not to compete was not a "claim" and therefore was not dischargeable in the bankruptcy proceedings.[11]  In similar fashion, the

---

[9] Pla. Reply p. 3, docket no. 108.

[10] 267 F.3d 493 (6th Cir. 2001).

[11] *Id.* at 406.

Seventh Circuit in *Matter of Udell*[12] found that the right to equitable relief for the breach of a covenant not to compete was not dischargeable in a bankruptcy proceeding.[13]

All equitable claims, however, do not survive bankruptcy proceedings. "Claims for equitable relief are dischargeable under the bankruptcy code if they can be 'reduced to a monetary obligation.'"[14] This court found such a circumstance in *Derma Pen, LLC v. 4EverYoung Ltd.* where 4EverYoung's specific performance claim could be alternatively satisfied with monetary damages.[15]

Here, Plaintiff's claims for violations of various non-compete obligations are not readily convertible into a monetary equivalent. Therefore the court finds these equity based claims survived Mr. Birkeland's bankruptcy proceedings. The court further finds that the discovery sought by Plaintiff relates to these claims and is relevant under the broad standards of Rule 26. Accordingly, Plaintiffs motion is GRANTED.

The court is also persuaded that the previous questioning of Mr. Birkeland in the bankruptcy proceedings is not the equivalent of that sought here by Plaintiff. The court therefore grants Plaintiffs request to depose Mr. Birkeland.

---

[12] 18 F.3d 403 (7th Cir. 1994).

[13] *Id.* at 408.

[14] *Dalvit v. United Airlines, Inc.*, 2009 WL 4894025 *4 (10th Cir. 2009) (quoting *Ohio v. Kovacs*, 469 U.S. 274, 282 (1985)).

[15] 2015 WL 641618 (D.Utah 2015).

ORDER

For the foregoing reasons Plaintiffs Motion to Compel Discovery and to Extend Scheduling Order is GRANTED. The parties are ORDERED to submit a new proposed scheduling order within thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED this 14 March 2016.

Brooke C. Wells
United States Magistrate Judge